## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PATRICIA E. CASHELL** | |
| *On behalf of herself and all other Maryland consumers similarly situated* | Case No.   **13-3045** |
| Plaintiff | |
| *v.* | |
| **SWANK PROPERTY MANAGEMENT, INC.** | **JURY TRIAL DEMANDED** |
| Defendant | |

## CLASS ACTION COMPLAINT

Named Plaintiff, Patricia E. Cashell ("Ms. Cashell" or "Named Plaintiff"), individually and on behalf of all Maryland residents similarly situated, by her attorneys Scott Borison, Phillip R. Robinson and LEGG LAW FIRM, LLC hereby sues Defendant Swank Property Management, Inc. ("Swank") and states:

1. This case arises from the systematic, intentional, and illegal consumer debt collection activities of Defendant Swank against vulnerable Maryland consumers. Defendant Swank (i) lacks the license required by the State of Maryland to conduct consumer collection activities; (ii) demands defective and bogus late fees; and (iii) diverting consumer payments for assessments to the payment of other alleged debts without authority to do so.

2. Defendant Swank regularly engages in the collection of consumer debt from Maryland res-

idents including Ms. Cashell and others similarly situated concerning their personal residences.

3.  Defendant Swank seeks to collect consumer debts relating to community association dues after default.  Defendant Swank files lawsuits and liens in connection with its collection activities as the agent but not the employee of community association client.  As part of its routine collection practices, Swank also employs non-attorneys to perform collection services.  Defendant employs non-lawyers to primarily make contact with debtors through standardized letters and contact procedures.  The standard demand letters and other correspondence sent by Defendant directs debtors to contact its non-lawyer employees in connection with the collection of the debts.

4.  Despite these practices, Swank does not have the mandatory collection agency license required under Maryland law.  The Defendant has operated and continues to operate without a license thus (i) skirting the requirements complied with by hundreds of other bona fide collection agencies in Maryland, and thus providing Defendant an unfair competitive advantage and (ii) avoiding the mandatory protections intended for Maryland consumers by the legislature and regulatory authorities.  The lawsuits brought by Swank are brought as the agent of a community association and violate federal and state debt collection laws.

5.  The Government Accounting Office (GAO) recently summarized public enforcement of this kind of scheme as follows:

> our analysis of information provided by the National Association of Attorneys General found at least 60 enforcement actions were taken by state attorneys general against debt collection companies from January 2006 through May 2009, of which 28 involved or may have involved the collection of credit card debt.  These actions alleged a variety of illegal debt collection practices, such as deducting money from consumers' bank accounts without authorization, **operating in states without proper licenses**, and refusing or failing to provide consumers with proof of their debts.  Generally, state attorneys general either negotiated a settlement with the debt collection company or brought a court action against the company.  Settlements included penalties such as refunds to consumers, cancellation of consumers' debts, civil penalties, and injunctive relief aimed at preventing future col-

lection violations.

GAO Report, Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology, September 2009 (available at http://www.gao.gov/new.items/d09748.pdf) at Pages 38-39 (emphasis added).

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this case in light of a federal question presented herein.  28 U.S.C. § 1331.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.  Declaratory and injunctive relief are available pursuant to 28 U.S.C. §§ 2201 and 2202, MD. CODE ANN., CTS. & JUD. PROC. §§ 3-401 – 3-415, and Fed. R. Civ. P. 23.

8.  Venue in this District is proper in that the Defendant transacts business within the District and the conduct complained of occurred in the District.

## PARTIES

9.  Named Plaintiff Patricia E. Cashell is a Maryland resident.  She currently resides at 2505 Coach House Way, #1B Frederick, MD  21702 ("Property") which she acquired for her personal use and residence.

10.    Defendant Swank Property Management, Inc. is a Maryland corporation based in Frederick County, Maryland which concentrates in the area of collection of delinquent community association debts in a variety of counties.  As part of its routine and regular debt collection practices (of delinquent and/or defaulted debts) Swank employs and utilizes multiple employees who are non-attorneys for the purposes of collecting the defaulted debts.  The resident agent for Swank is Steven T. Swank, whose address is 4460 Lewis Mill Court, Jefferson, MD 21755.

11.    Not named as a party to this action, Echo Glen I Condominiums, Inc. ("Echo Glen") is

a client of Swank, and is the condominium owners' association (or community association related to Ms. Cashell's Property).

## FACTS

12.     Swank regularly collects on consumer debts in the State of Maryland.  The consumer debts pursued by Swank are debts that are in default, or whose accounts are acquired by Swank after the account is in default.

13.     Swank acts as a "collection agency" as that term is defined by the Maryland Collection Agency Licensing Act ("MCALA"), MD. CODE ANN., BUS. REG., §§ 7-101, *et seq.*

14.     Swank is required by MCALA to be licensed as a collection agency.

15.     Swank does not hold a collection agency license in the State of Maryland nor did it hold such a license when it sought to collect from the Plaintiff and other Class members by using non-attorney employees.

16.     Swank is a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

17.     Upon information and belief and according to public records, Swank has acted as a debt collector under the FDCPA in more than 50 occurrences in the State of Maryland in the last year by attempting to collect debts against Maryland consumers through traditional debt collection activities as well as and the filing of unauthorized debt collection lawsuits in various state courts as the agent (and not the employee or officer) for the community association plaintiff.

18.     By instituting collections suits in Maryland courts as the "agent" of Echo Glen and various other Condo- and Home-owners Associations and other community associations, Swank has engaged in the unauthorized practice of law in furtherance of it's illegal and unlicensed debt

collection activities as described in *Turkey Point Property Owners Ass'n Inc. v. Anderson*, 106
Md. App. 710 (1995), and thus any judgments obtained thereby are nullities. *Id.* at 718.

### FACTUAL ALLEGATIONS RELATING TO THE NAMED PLAINTIFF

19.     Swank, as the agent, filed a collection lawsuit against Cashell on behalf of Echo Glen
on March 22, 2013, relating to an alleged consumer debt that was delinquent and in default, with-
out first obtaining the mandatory collection agency license.  The lawsuit was filed in the District
Court of Maryland for Frederick County, Maryland, Case No. 110100010362013 ("Cashell State
Action").

20.     Swank filed the Cashell State Action as part of its business of collecting consumer
claims for others acting as the agent but not an officer or employee or attorney of the client.

21.     Included in the amount sought in the Cashell State Action, Swank sought to collect the
sum of $60.00 of purported late fees.

22.     The purported late fees accessed by Swank on behalf of Echo Glen were generated,
upon information and belief by Swank's pattern and practice to not timely crediting and recording
the payments when they are actually received.  This belief is based upon Cashell's personal, post-
al, and bank records which show when the payments were sent and when Swank, on behalf of
Echo Glen, actually credited the payments.  Frequently, over the course of three years Swank has
knowingly failed to credit Ms. Cashell's payments when they were actually received.

23.     The Cashell State Action was a direct or indirect attempt by Swank to collect a con-
sumer debt from Cashell.

24.     Having had its illegal debt collection activities uncovered, the Cashell State Action
was dismissed by the state court on June 27, 2013 with leave of thirty days to correct the illegal

filing. No further correction or appeal was ever made and Swank is estopped from the legal determination made as to its illegal activities by the District Court of Maryland Frederick County.

25. Even after the Cashell State Action was dismissed, Swank has continued its practice of delaying and timely recording Ms. Cashell's community association payments in order to churn additional late fees presumably for its direct or indirect benefit and to the detriment of Ms. Cashell. For example, Ms. Cashell has timely sent in her monthly assessment, by the 30th of each month as requested by Swank, but Swank has failed to timely record and process the payment; Ms. Cashell sent her August 2013 payment timely (i.e. August 29, 2013) and it was delivered timely (i.e. on August 30, 2013), but Swank failed to credit the payment until September 2, 2013 and improperly assessed Ms. Cashell a $15 late charge as a result on September 2, 2013.

26. As a result of Defendant's illegal collection actions in the Cashell State Action and its delay in recording her timely payments, Ms. Cashell suffered actual damages including but not limited to: (i) legal fees incurred to defend against the Cashell State Action and collection actions; (ii) damage to credit by having an illegitimate lawsuit filed in public records against her and through reports to the various credit bureaus; (iii) late fees and costs charged to her account by Swank which were not lawfully incurred; and (iv) emotional damages manifested by embarrassment, stress, sleeplessness, higher blood pressure, etc. Cashell is also entitled to statutory damages for the material misrepresentations of Swank in its unlicensed debt collection actions described herein. Class members have incurred similar actual and statutory damages.

27. Under MD. ANN. CODE, BUS. REG., §§ 7-301, *et seq.,* a person must have a license to do business as a collection agency in the State of Maryland. The requirement is substantive and not merely a device to raise revenue. The requirement for a license before proceeding with any

consumer collection activity is therefore material to each Maryland resident.

28.    The Maryland Commissioner of Financial Regulation has clearly stated the state regulator's position regarding the legal requirements under Maryland law for a person who acquires consumer debt after default or collects a consumer debt for another person and files lawsuits in Maryland to collect the consumer debt:[1]

> … 4.  The position of the Agency is that, unless otherwise exempt, a person who brings actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default is knowingly and willfully doing business as a "collection agency" in the State under [Bus. Reg.] § 7-101(c).  This includes, but is not limited to, the named Plaintiffs in such judicial actions, which will normally be the owners of the consumer debt.
>
> 5.  Thus the Agency's position is that a Plaintiff in a Maryland State court action brought to collect a consumer claim which was acquired when the claim was in default is required to be licensed as a collection agency under MCALA, and is subject to the regulatory authority of the Agency in the conduct of that litigation.
>
> 6.  The position of the Agency is that a person who brings judicial actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default also meet the definition of "collector" under CL § 14-201(b) of the Maryland Consumer Debt Collection Act ("MCDCA," at Commercial Law Article ("CL"), § 14-201 *et seq.,* Annotated Code of Maryland) and of "debt collector" under 15 U.S.C. § 1692(a) of the Fair Debt Collection Practices Act ("FDCPA," at 15 U.S.C. § 1692, *et seq.*). …

29.    Swank was not licensed by Maryland as a "collection agency" during the periods relevant to this action and, upon information and belief based upon a search of the Maryland Commissioner of Financial Regulation, is not so licensed as of the filing of this complaint.

30.    Every collection effort in Maryland by Swank without a Collection Agency license, including each and every civil action filed in Maryland courts as an agent but not an employee or officer of the community association, is an unfair or deceptive trade practice.

---

[1] *In the Matter of:  Midland Funding, LLC, et al.,* Before the Maryland State Collection Agency, Licensing Board in the Office of the Commissioner of Financial Regulation, DFR-FY-2010-063.

31.     Swank acted as a consumer debt collection agency in Maryland by various collection activities and attempts to obtain judgments in Maryland courts and conducting other collection activities against Cashell and the Class members.

32.     Defendant's actions as a debt collection agency against Named Plaintiff and all Class members were made without a mandatory State license.

33.     Defendant willfully and knowingly acted as a consumer debt collection agency in Maryland without a license.

## CLASS ALLEGATIONS

34.     Named Plaintiff brings this complaint on behalf of a Class of all other persons similarly situated.

35.     The Class is comprised of all persons in the State of Maryland who, within three years prior to the filing of this Complaint, were contacted by the Defendant in connection with any effort to collect a consumer debt.

36.     This is a matter in which the one year FDCPA statute of limitations should be tolled because the Defendant effectively and intentionally concealed information which would have made its improper and illegal activities discoverable.  The concealment was accomplished through the use of state court actions which gave the appearance of a legal collection action but they were not.  *Finch v. LVNV Funding, LLC*, 212 Md. App. 748, 71 A.3d 193 (2013).

37.     The Named Plaintiff and Class members had no reason to know of the illegality of Defendant's debt collection activities because of Defendant's pattern of omitting material information from the courts and Class members.

38.     This case is one of those rare instances where circumstances external to the conduct of

the Named Plaintiff and Class members warrant a finding that it would be unconscionable to en-

force the various limitations periods against the Class members since such an act would create a

gross injustice of allowing the Defendant to be wrongfully and unjustly enriched to the detriment

of the Class.

39.    Plaintiff estimates the Class to consist of more than 50 persons.

40.    The Class is so numerous as to make it impracticable to join all members of the Class.

41.    There are questions of law and fact which are common to all members of the Class, in-

cluding:

> a.  Whether Swank has acted as a debt collection agency in the State of Maryland;
>
> b.  Whether Swank has timely credited and recorded assessment payments received by it;
>
> c.  Whether Swank was licensed to act as a debt collection agency in Maryland at the times relevant to this complaint; and
>
> d.  Whether Swank threatened or took actions that it did not have the right to take.

42.    Upon information and belief, the present net worth of Swank and its various contracts

has a short- and long-term value of $20,000,000.  This conclusion is based upon:

> a.   Swank's public representations on its website and to community associations in the State and throughout the region concerning its brand, client relationships, systems in place and other intangible value drivers.
>
> b.  Swank's forecasted future revenue streams.
>
> c.  Swank's contractual relationships which essentially guarantee a steady stream of community association collection work for the foreseeable future.

43.     The only individual questions concern the identification of Class members who are entitled to any funds that the Defendant is ordered to disgorge as the fruit of its unlawful activities or who would share in any statutory or other damages permitted by law. This information can be determined by a ministerial examination of public records in various court houses or from the Defendant's business records or other sources, which are admissible as an exception to the hearsay rule and as statements by a party or its authorized agents.

44.     Plaintiff's claims are typical of the claims of the Class members.

45.     Plaintiff will fairly and adequately protect the interests of all Class members in the prosecution of this action. Ms. Cashell is similarly situated with, and has suffered similar injuries as, the members of the Class she seeks to represent. She feels that she has been wronged, wishes to obtain redress of the wrong, and wants Defendant stopped from perpetrating similar wrongs on others.

46.     To that end, Plaintiff has retained counsel experienced in handling Class action suits involving unfair or deceptive business practices that harm consumers, including Class action suits against un-licensed collection agencies.

47.     Neither the Named Plaintiff nor her counsel has any adverse interest which may cause them not to vigorously pursue this action.

48.     Defendant Swank, by acting as debt collection agencies without a license has acted on grounds generally applicable to the Class.

## COUNT I

### (Class Declaratory Judgment and Injunctive Relief)

49.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.     Plaintiff seeks a declaration on her behalf and on behalf of the Class that the Defendant Swank has acted unlawfully by acting as a debt collection agency in the State of Maryland without a license.

51.     Defendant should be ordered to disgorge all amounts that it has obtained while acting illegally as a debt collection agency without a license.

52.     Defendant should be enjoined from continuing to operate illegally.

WHEREFORE, Plaintiff and Class Members pray that this court:

a.      Certify this case as a class action with the Named Plaintiff as Class representative and her attorneys as counsel on behalf of the Class described herein;

b.      Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction;

c.      Order the defendant to disgorge all amounts collected from the Class while the defendant acted as a debt collection agency without a license;

d.      Order the defendant to credit to each consumer, who is a defendant in any open judgments, all amounts that constitute illegal or improper charges and fees;

e.      Award reasonable attorney's fees, litigation expenses and costs;

f.      Order appropriate declaratory relief; and

g.      Provide such other or further relief as the Court deems appropriate.

## COUNT II

### (Class and Individual Claims for Violation of the Fair Debt Collection Practices Act)

53.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54.    The Defendant has violated the FDCPA by acting as a debt collector when it did not hold the license required by MCALA, and thus has violated 15 U.S.C. § 1692(e), which prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt."

55.    The practice of operating illegally without a mandatory license and collecting and attempting to collect fees for expenses not actually incurred or permitted under Maryland law is an unfair or deceptive practice in violation of 15 U.S.C. § 1692(f).

56.    The FDCPA provides for statutory damages in addition to actual damages.

57.    The Plaintiff and Class are entitled to actual and statutory damages from the Defendant.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant for the following:

    a.  Certify this case as a Class action with the Named Plaintiff as Class representative and her attorneys as counsel on behalf of the Class described herein;

    b.  Award Actual Damages in a sum of no less than $1,000,000;

    c.  Award Statutory damages in the amounts allowed by the FDCPA up to $500,000;

    d.  Award reasonable attorney's fees, litigation expenses and costs; and

    e.  Provide such other or further relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Scott C. Borison*
Scott C. Borison, Esq. (Bar No. 22576)
*/s/ Phillip R. Robinson*
Phillip R. Robinson, Esq. (Bar No.27824)
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016; Fax: (301) 620-1018

*Attorneys for Plaintiff*