UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 12, 2014

MEMORANDUM TO COUNSEL RE:   Patricia E. Cashell v. Swank Property Management, Inc.
Civil Action No. GLR-13-3045

Dear Counsel:

    This matter arises out of Defendant Swank Property Management, Inc.'s ("SPM") alleged mismanagement of Plaintiff Patricia E. Cashell's community association payments. According to Ms. Cashell, SPM engages in "systematic, intentional, and illegal consumer debt collection activities" including, but not limited to, demands for "bogus" late fees, misappropriation of consumer payments, and the facilitation of collection activities, to include filing collection actions in state court, without the proper legal authority. (See generally Am. Compl., ECF No. 8). Pending before the Court is SPM's Motion to Dismiss. (ECF No. 5). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons below, SPM's Motion will be granted.

    On October 11, 2013, Ms. Cashell filed a Class Action Complaint in this Court against SPM alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e)-(f) (2012). (ECF No. 1). On December 20, 2013, SPM filed the pending Motion to Dismiss. In response, Ms. Cashell filed an Amended Class Action Complaint on January 6, 2014, which added state law claims under the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201 et seq. (West 2014), and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 et seq. (West 2014).[1] (ECF No. 8). In light of Ms. Cashell's Amended Class Action Complaint, the Court requested additional briefing from the parties on the state law claims. (See Feb. 12, 2014 Order, ECF No. 11). In her brief, however, Ms. Cashell withdrew her

---

    [1] Ms. Cashell also filed an Opposition to SPM's Motion arguing that the filing of her Amended Class Action Complaint automatically mooted SPM's pending Motion to Dismiss. (See Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1, ECF No. 9). A pending motion to dismiss is not automatically mooted by the filing of a new pleading when the defects raised in the original motion are not remedied by the new document. See, e.g., Buechler v. Your Wine & Spirit Shoppe, Inc., 846 F.Supp.2d 406, 415 (D.Md. 2012) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance." (quoting 6 Charles Alan Wright et al., Federal Practice & Procedure § 1476 (3d ed. 2010) (internal quotation marks omitted)). Ms. Cashell's amendment failed to correct the defects in her FDCPA claim and, therefore, failed to render SPM's Motion to Dismiss moot. Moreover, the Court provided both parties an opportunity to submit briefs on the state law claims alleged in the Amended Class Action Complaint.

FDCPA claim.  (See Pl.'s Surreply at 2 n.2, ECF No. 12).  Ms. Cashell now invites the Court to exercise supplemental jurisdiction over the remaining state law claims despite her withdrawal of the federal claim.  The Court will decline her invitation.

District courts are granted discretion under 28 U.S.C. § 1367(a) (2012) to exercise supplemental jurisdiction over additional claims arising from the same case or controversy that lack an independent basis for federal jurisdiction.  If, however, the claim granting the district court original jurisdiction is dismissed, the court may decline the exercise of supplemental jurisdiction over any additional claims.  Id. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (stating "federal court[s] should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them" because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (emphasizing that Gibbs "does not establish a mandatory rule to be applied inflexibly" but "simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . —judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

Because Ms. Cashell originally filed this case under the auspices of a federal question, her withdrawal of the FDCPA claim divests the Court of original jurisdiction over this matter.  The Court, in its discretion, elects not to exercise supplemental jurisdiction over the remaining state law claims and, therefore, will dismiss the Amended Class Action Complaint in its entirety.

For the foregoing reasons, SPM's Motion to Dismiss (ECF No. 5) is GRANTED.  Ms. Cashell's Amended Class Action Complaint is hereby DISMISSED without prejudice.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.  The Clerk is also directed to CLOSE this case.

Very truly yours,

/s/
_____

George L. Russell, III
United States District Judge